```
 1  KEVIN V. RYAN (SBN 118321)
    United States Attorney
 2  JOANN M. SWANSON (SBN 88143)
    Chief, Civil Division
 3  OWEN P. MARTIKAN (SBN 177104)
    Assistant United States Attorney
 4
        450 Golden Gate Avenue, 10th Floor
 5      San Francisco, California 94102-3495
        Telephone:   (415) 436-7241
 6      Facsimile:   (415) 436-6748
        Email:       owen.martikan@usdoj.gov
 7
    Attorneys for Federal Defendants
 8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| DUKE K. BOLTER, | ) | Case No. C 04-2878 JSW (JL) |
| | ) | **E-FILING CASE** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | [~~PROPOSED~~] **STIPULATED** |
| | ) | **PROTECTIVE ORDER COVERING** |
| JOHN ASHCROFT, Attorney General, | ) | **DOCUMENTS RELEASED PURSUANT** |
| UNITED STATES DEPARTMENT OF | ) | **TO COURT ORDER** |
| JUSTICE and FEDERAL BUREAU OF | ) | |
| INVESTIGATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Subject to the approval of this Court, plaintiff Duke Bolter and defendants the United States Department of Justice and the Federal Bureau of Investigation (collectively, the "FBI"), by and through their undersigned counsel, hereby stipulate to the following protective order:

WHEREAS, the Court in this action entered an Order on September 21, 2005 adopting the August 12, 2005 Report and Recommendations of the Magistrate Judge (the "Order"), which required the FBI to release certain documents to counsel for Bolter pursuant to an "attorney's eyes only" protective order, the parties agree to the entry of the following protective order consistent with that Order.

THEREFORE, the parties therefore request that the Court enter the following protective order pursuant to Federal Rule of Civil Procedure 26(c).

### STIPULATED ORDER

This protective order covers all documents produced to counsel for Bolter by the FBI pursuant to the Order, and all documents produced to counsel for Bolter by the FBI that are designated "Highly Confidential - Attorneys' Eyes Only" on the face of the document. All documents covered by this protective order (the "Documents") are subject to the following restrictions:

1. The Documents and the information contained therein shall be used only for purposes of this litigation, or for purposes of the criminal prosecution titled *People of the State of California v. Duke K. Bolter*, Del Norte County Superior Court Case Number 99-108-XA, and not for any other purpose;

2. Neither the Documents nor the information contained therein shall be disclosed or provided to anyone other than (a) plaintiff's attorneys and staff; (b) defendants' attorneys and staff; (c) outside experts or consultants retained by any of the parties or their counsel for purposes of this litigation or *People of the State of California v. Duke K. Bolter*, Del Norte County Superior Court Case Number 99-108-XA; (d) the Court in further proceedings herein; and (e) other persons whom the parties mutually agree upon in writing.

3. Neither the Documents or the information contained therein shall be disclosed to Duke K. Bolter.

[PROPOSED] STIPULATED PROTECTIVE ORDER
C 04-2878 JSW
2

4. There shall be no reproduction of the Documents except as required by the litigation. Copies, excerpts, or summaries of the Documents may be shown to those authorized in Paragraph 2 for purposes of their involvement in this case or in *People of the State of California v. Duke K. Bolter*, Del Norte County Superior Court Case Number 99-108-XA.

5. Except as otherwise provided in Paragraphs 2 and 3, all of the Documents shall remain in the custody of the parties' attorneys of record during the pendency of this litigation and *People of the State of California v. Duke K. Bolter*, Del Norte County Superior Court Case Number 99-108-XA.

6. Within 30 days of the termination of this proceeding and the expiration of all time for appeal, or the termination of *People of the State of California v. Duke K. Bolter*, Del Norte County Superior Court Case Number 99-108-XA and all time for appeal in that proceeding, whichever date comes later, all of the Documents, including copies, extracts or summaries thereof, shall be completely destroyed (meaning rendered unreadable) or returned to counsel for the FBI. Nothing in this paragraph shall be construed to require the parties' attorneys to turn over any attorney work-product.

7. Any filings with any court, state or federal, that include any of the Documents, or any excerpts or summaries of the Documents, or any description of the contents of the Documents, shall be filed under seal in accordance with the rules of that court and the applicable rules of civil or criminal procedure.

8. This Stipulated Protective Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended or rescinded by the Court and shall survive termination of this action. The Court shall have continuing jurisdiction to modify, amend, or rescind this Stipulated Protective Order notwithstanding the termination of this action.

9. If timely corrected, an inadvertent failure to designate a document as "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the FBI's right to secure protection under this protective order for that document. If the FBI appropriately designates a document as "Highly Confidential - Attorneys' Eyes Only" after it has been produced, anyone

who receives the document shall take reasonable efforts to assure that the document is treated in accordance with the provisions of this protective order.

**SO STIPULATED.**

KEVIN V. RYAN
United States Attorney


    /s/
_____      Date: October 18, 2005
OWEN P. MARTIKAN
Assistant United States Attorney

*Attorneys for Defendant*s


ROBERTS, HILL, BRAGG, ANGELL & PERLMAN LLP

    /s/
_____      Date: October 13, 2005
ANNE M. RUDOLPH

*Attorneys for Plaintiff*


**APPROVED AND SO ORDERED.**

DATED: October 26, 2005         _____
                                                       JEFFREY S. WHITE
                                                       United States District Judge