**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DUKE K. BOLTER,                                    No. C 04-2878 JSW (JL)

        Plaintiff,

    v.                                         **Discovery Order**
                                                   **(Denying Docket # 50, 73)**
JOHN ASHCROFT, DEPARTMENT OF
JUSTICE,

        Defendants.
_____/

**Introduction**

    All discovery in this case has been referred to this Court by the District Court (Hon.

Jeffrey S. White) pursuant to 28 U.S.C. §636(b) and Civil Local Rule 72. In its Report and

Recommendation filed under seal at Docket # 77, and adopted by Judge White at Docket #

83, this Court noted: "Bolter's counsel has separately requested depositions of two of the

officers who conducted these interviews and has submitted interrogatories.  The

government and CDC have interposed objections.  The Court has those matters under

submission and will take them up again at the conclusion of the hearing on security

concerns.

    In a separate letter dated July 29, 2005, counsel for Bolter submitted a discovery

dispute outlining its efforts to locate the FBI agents who conducted the interviews and

prepared the FBI 203's reports at issue in this matter.

**United States District Court**
For the Northern District of California

1    The parties and the California Department of Corrections ("CDC") entered into a

2  stipulated protective order at Docket # 86, obviating the need for a hearing on the security

3  issues. Bolter's discovery motion came on for hearing before this court of January 25,

4  2006.  Anne M. Rudolph appeared for Mr. Bolter and Owen Martikan appeared for the

5  United States.  This Court has amended the protective order under separate caption.

6    **Interrogatories: Bolter seeks addresses of retired agents to take depositions**

7    In Set Three of his Interrogatories, Bolter asks the Government to provide the

8  addresses of two retired FBI agents, Brent Miller and Stanley L. Walker. Bolter seeks the

9  addresses to serve deposition subpoenas but agrees to withdraw his request if the

10  Government  agrees to produce them for deposition. The government objects.

11    Bolter asserts that Walker and Miller have information concerning who conducted

12  the investigation, who was involved  in the preparation of the 302 reports, what the CDC's

13  involvement was, and who reviewed or was provided copies of the 302 reports. Bolter

14  contends the depositions of Walker and Miller are necessary to "complete the discovery

15  process."

16    The Government argues this Court should deny Bolter's motion for four reasons:

17    First, neither of the retired agents is within the subpoena power of this Court, since

18  they both live out of state. The FBI contends that this jurisdictional issue moots the entire

19  deposition controversy at the outset.

20    Bolter does not address this contention.

21    Second, the home address and telephone numbers of the retired FBI agents are not

22  "a matter of public record," as Bolter asserts. This information is covered by the Privacy

23  Act, and cannot be disclosed without a court order. *See* 5 U.S.C. § 552a(b). The

24  Government cites *U.S. Department of Defense v Federal Labor Relations Authority*, 510

25  U.S. 487, 494 (1994) for the proposition that civil service employees' home addresses

26  qualify as "records" under the Privacy Act provision of the Freedom of Information Act

27  ("FOIA"). The Government also relies *Diamond v. Federal Bureau of Investigation*, 532

28  F.Supp. 216, 224 (S.D.N.Y. 1981); judgment aff'd at 707 F.2d 75 (2nd Cir. 1983); cert den.

1   at 465 U.S. 1004 (1984) in which the district court upheld the FBI's refusal to release the

2   names and addresses of FBI agents and clerical personnel.

3       Bolter disputes the Government's  characterization of the holding in *DOD v. FLRA*, in

4   which the Supreme Court concluded that the relevant inquiry is whether disclosure of the

5   information would constitute a "clearly unwarranted invasion of personal privacy." The

6   Court's real reason for denying the information was there was nothing that would advance

7   public understanding of the operations or activities of the government within the meaning of

8   the Freedom of Information Act.

9       Bolter distinguishes his case, contending that the FBI agents are necessary

10  witnesses to the operations and activities of the FBI. Bolter also distinguishes the *Diamond*

11  case, arising from a FOIA request by a university professor to conduct research about FBI

12  activities during the McCarthy era. The court denied his request and reasoned that

13  disclosure of the names of FBI agents, clerical personnel and other governmental and non-

14  governmental employees should not be permitted because the professor had failed to

15  identify any reason why this information was important to his research. *Id.* at 224.

16      Third, the Government argues the depositions are unnecessary. The FBI 302 forms

17  themselves state who prepared them, and who was present during the interviews. CDC

18  involvement is also shown on the face of each form. The Government says it provided this

19  information in other documents "some time ago." The Government also contends any

20  information Bolter seeks from the retired agents is irrelevant to whether the FBI legitimately

21  asserted law enforcement privileges with respect to information redacted from the FBI 302

22  forms.

23      Bolter contends this discovery is necessary to complete the discovery process,

24  despite the Government's prior revelations.

25      Fourth, the Government reiterates its position that any discovery is inappropriate in

26  this Administrative Procedure Act ("APA") proceeding. *Florida Power & Light Co. v. Lorion*,

27  470 U.S. 729, 743 (1985) ("The focal point for judicial review should be the administrative

28  record already in existence, not some new record made initially in the reviewing court.")

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1  The Government acknowledges an exception, where the agency has acted in bad faith, but

2  denies such conduct in this case, since the FBI showed Bolter's counsel all the unredacted

3  FBI documents early on. Finally, the Government relies on *Pollard v. FBI*, 705 F.2d 1151,

4  1154 (9th Cir. 1983) in which the Ninth Circuit held that a district court did not abuse its

5  discretion by denying a plaintiff's attempts to take depositions of FBI agents, when to do so

6  risked revealing the same information that the FBI claimed was privileged. The Government

7  asserts the documents submitted to this Court constitute a sufficient record for judicial

8  review.

9       Bolter points out that this case involves not only review under the APA, but also

10  constitutional claims. Thus discovery is not precluded.

11  (Letter briefs at Docket #s 50 and 73)

12  **Analysis**

13       This Court rejects the Government's contention that the agents are outside the

14  subpoena power of this Court as a basis for denying Bolter's motion to obtain their

15  addresses from the Government. There is no doubt that the Government is subject to this

16  Court's jurisdiction. In addition, Rule 45, Federal Rules of Civil Procedure, provides that a

17  deposition subpoena "shall issue from the court for the district designated by the notice of

18  deposition as the district in which the deposition is to be taken." (FRCP 45(a)(2)).

19  Accordingly, if Bolter obtains the agents' addresses, he may then request that the court for

20  the district or districts where the depositions are to be taken issue the subpoenas.

21       This Court also rejects the Government's contention that the Privacy Act precludes

22  disclosure of the agents' addresses. This statute provides in part: "No agency shall disclose

23  any record which is contained in a system of records by any means of communication to

24  any person, or to another agency, except pursuant to a written request by, or with the 1012

25  prior written consent of, the individual to whom the record pertains, unless disclosure of the

26  record would be ... (2) required under section 552 of this title [FOIA]." 5 U.S.C. § 552a(b)(2)

27  

28  (1988 ed. and Supp. IV).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

In *DOD v FLRA*, the Supreme Court found that employee addresses sought by the unions were "records" covered by the broad terms of the Privacy Act. Therefore, unless the FOIA provisions of the Privacy Act would require release of the addresses, their disclosure was "prohibited by law," and the agencies may not reveal them to the unions. *U.S. Dept. of Defense v. Federal Labor Relations Authority* 510 U.S. 487, 493-494 (1994). The Privacy Act precludes release of such information only if there is no court order for its release. This is similar to other statutes, for example California Penal Code §832.7 which forbids disclosure of police personnel records without court order. Courts order release of such records where appropriate, for example where a plaintiff, as in this case, alleges violation of rights under the Constitution.

In the case at bar, this Court has reviewed *in camera* all the 302's at issue, and ordered disclosure of witness information to Bolter's counsel. Nothing has been ordered to be disclosed to "the public," and the stipulated protective order would preserve the privacy of the retired FBI agents, if their addresses were provided to Bolter's counsel. Accordingly, the Privacy Act does not provide a basis for denying Bolter's motion to compel disclosure of the retired agents' addresses.

However, resolution of the privacy issue does not end this matter. The Court agrees with the government's content that this discovery is unnecessary. The 302's themselves provide all the information Bolter purportedly seeks in this lawsuit. Bolter's counsel has the burden to show relevance of discovery under FRCP 26. Counsel must demonstrate how evidence relevant to the parties' claims and defenses could reasonably be expected from the agents' depositions.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Bolter seeks to ask questions of the agents concerning who conducted the investigation, who was involved in the preparation of the 302 reports, what the CDC's involvement was, who else was involved in the investigation or preparation of the reports, and who reviewed or was provided copies of the 302 reports. These questions are not directed to the content of the documents. While this inquiry could lead to discovery of admissible evidence in the state criminal proceeding -- for example, the identity of additional witnesses, who either participated in the interviews or received copies of 302's, it is beyond the scope of this action, which merely seeks the reports themselves.

Counsel for Bolter misconstrues Judge Whites' comment that discovery in this matter is "wide open." The fundamental nature of this proceeding does not expand beyond the relief requested because of the form of the action filed. Although this action is civil in form, the underlying case is criminal by nature. Counsel seeks civil remedies in aid of Mr. Bolter's Constitutional rights in the state court criminal proceeding. Depositions in criminal proceedings are not favored except to obtain and preserve otherwise unavailable testimony. Federal Rule of Criminal Procedure 15 requires "exceptional circumstances" in order to justify depositions.

The content of the statements and the persons present have been revealed to Mr. Bolter. The stated purposes of further inquiry of the recording agents is marginal, and no exceptional circumstances are presented. Counsel's stated purpose of merely completing the discovery process is an insufficient basis for authorizing further discovery.

It is important to note that the state court proceedings have been stayed, pending resolution of this action. It is now time to return this matter to state court for final disposition.

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Conclusion and Order**

Bolter's request to take the depositions of Walker and Miller, or to obtain their addresses in order to subpoena them for the purpose of taking their depositions, is denied. Any such discovery in the context of this action is unnecessary and will not shed light on whether or not additional documents should be furnished to Bolter's counsel. Whether depositions of these witnesses would be appropriate in the underlying state criminal proceeding is not before this Court at this time.

This Court notes that such a request is highly unusual in a criminal case, and if this were a federal criminal matter, "exceptional circumstances" must be shown under FR Crim. P. 15. No such showing has been made.

**REPORT and RECOMMENDATION**

This Court has reviewed the original complaint in this matter, has conducted an *in camera review* of all of the documents in question, and has previously ordered disclosure of certain documents to Bolter's counsel, subject to a stipulated protective order. This Court has further ordered that such documents may be used at Bolter's trial in state court. Hence, Bolter's counsel has succeeded in obtaining the relief requested, and no further action by this Court is called for at this time.

Accordingly, Bolter's complaint for *writ of mandamus* and affirmative injunction have been granted as previously ordered by this Court. No other relief is neither necessary or appropriate. The complaint is discharged, and the file is closed. This case is referred back to the state court.

IT IS SO ORDERED.

DATED: March 9, 2006

_____
JAMES LARSON
Chief Magistrate Judge

**United States District Court**
For the Northern District of California