1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10

11   DUKE K. BOLTER,                              No. C 04-2878 JSW (JL)

12              Plaintiff,

13         v.
                                                  ORDER AND BRIEFING SCHEDULE
14   JOHN ASHCROFT, DEPARTMENT OF
     JUSTICE,

15              Defendants.

16
     _____/
17

18                                  BACKGROUND

19
           The District Court has referred the parties' objections to this Court's Report and
20
     Recommendation and Amendment to the Protective Order.
21
                                     SUMMARY
22
           In order to clarify the record and give the parties a final opportunity to address their
23
     concerns, this Court orders the parties to brief the following issues within 21 days, of this
24
     order, on or before May 11, 2006, simultaneously.  Each party may respond to the other
25
     within 10 days on or before May 21.  The Court will conduct a hearing, on June 14, 2006 at
26
     1:30 p.m.
27

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

ISSUES AND ANALYSIS

The issues to be addressed are the following:

1.      Discovery.  This Court has previously ruled on Bolter's requests in his third set of interrogatories for locator information of the agents who conducted the interviews at Pelican Bay.  That request was denied as irrelevant.

However, it appears that counsel or Bolter had previously objected to the government's failure to answer interrogatories from sets nos. 1 and 2, although counsel for Bolter made no mention of this matter at the hearing conducted in this Court on January 26, 2006.

Counsel for Bolter is directed to address any remaining concerns arising from the government's responses to interrogatories in sets 1, 2, and 3, as well as any other discovery matters outstanding at this time.

2.      Additional Documents.  In her objections, counsel for Bolter refers to the offer of this Court in the August, 2005 Report and Recommendation to consider any requests for additional documents, on grounds of relevancy.  Again, counsel failed to file any appropriate motion and did not mention this matter at the last hearing.

Counsel may do so now, and the Court will conduct any necessary *in camera* review in advance of the hearing.  The government may object to disclosure of any additional documents in its initial memorandum or wait to respond to Plaintiff's.

3.      Security concerns.  The government refers to the offer of this Court in the August, 2005 Report and Recommendation to conduct further hearings regarding any specific security concerns with respect to the inmates and prison personnel whose statements were ordered to be disclosed.  The government also objects to this Court's Amendment to the Protective Order, stipulated previously by the parties and approved by Judge White, to permit use of the documents at the trial of Bolter in state court.

This Court is of the opinion that the state court trial judge must be allowed to control its own proceedings according to the dictates of the United States Constitution, and it is inherently qualified to balance the security concerns of the prison and Mr. Bolter's rights to

**United States District Court**
For the Northern District of California

1    a fair trial and effective assistance of counsel.  The Court notes that at least four trials

2    arising from the investigation of Powers, Garcia and Lewis have been conducted already - -

3    in state and federal courts.  Presumably the trial judge in each instance considered these

4    issues.

5        However, this Court is mindful of certain decisions of federal courts which have

6    specified conditions for use of federal documents or witnesses in state court proceedings.

7    The Court points out that the witnesses providing the interviews in question were not

8    federal employees.  However, a federal investigative agency, the FBI, obtained the

9    interviews and prepared the reports.

10       Accordingly, this Court will hear the Government's concerns regarding security of the

11   state witnesses, but will expect the government to propose solutions consistent with this

12   Court's recommendation that Bolter's counsel may use the documents and information

13   contained therein in its defense of Bolter in state court.

14       Under no circumstances, without further order of this Court, may counsel for Bolter

15   disclose any of the documents, their contents or the names of any witnesses to Mr. Bolter.

16       This Court asks counsel for the government to address the practical problem of this

17   Court presuming to manage a trial to be conducted in state court.  The Government should

18   also address these additional questions: Did the witnesses or informants whose interviews

19   were recorded by the FBI receive either express or implied assurances of confidentiality?

20   What circumstances would justify any inference of confidentiality for any informant or

21   witness to whom no express assurance of confidentiality was given? Have any informants

22   or witnesses who have been identified in these interviews waived confidentiality by

23   previously testifying in a related proceeding?  In general, how should the Court balance Mr.

24   Bolter's Constitutional rights under *Brady v. Maryland* against the security and privilege

25   concerns of the FBI?

26

27

28

**United States District Court**
For the Northern District of California

CONCLUSION

In short, the parties may have a final opportunity to address their concerns, including but not limited to: (1) Plaintiff's remaining discovery issues; (2) the Government's security concerns; (3) Plaintiff's request for additional interview reports, and (4) the Government's objection to this Court's amendment to the protective order.

This Court notes that the state trial of Bolter has been delayed considerably, while this matter has been pending.  This action should be resolved as soon as possible, so that the state court may schedule a meaningful trial date.  Accordingly, the parties are directed to identify any additional concerns they may have at this time, so that this Court may rule promptly.

Fundamentally this action is *sui generis*.  Neither counsel has cited a single similar case, in which a federal court has been asked to regulate discovery in a state criminal proceedings.  The Administrative Procedure Act has limited applicability.  This Court's previous disclosure recommendation is grounded in the United States Constitution and is intended to avoid the undermining effect of the government's failure to provide *Brady* material on any potential verdict.

However, once the federal court orders such relief on Constitutional grounds and furnishes some guidance for the use of these materials, the federal court's intrusion into state court affairs must end, and the state court be trusted to exercise its judgement with respect to its own processes.

DATED: April 19, 2006

_____
JAMES LARSON
Chief Magistrate Judge