KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
OWEN P. MARTIKAN (SBN 177104)
Assistant United States Attorney

    450 Golden Gate Avenue, 10th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7241
    Facsimile:   (415) 436-6748
    Email:      owen.martikan@usdoj.gov

Attorneys for Federal Defendants

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DUKE K. BOLTER,<br><br>                Plaintiff,<br><br>   v.<br><br>JOHN ASHCROFT, Attorney General,<br>UNITED STATES DEPARTMENT OF<br>JUSTICE and FEDERAL BUREAU OF<br>INVESTIGATION,<br><br>                Defendants. | Case No. C 04-2878 JSW (JL)<br>**E-FILING CASE**<br><br>[PROPOSED] **STIPULATED PROTECTIVE ORDER FOR THE RELEASE AND USE OF FBI DOCUMENTS** |

      Subject to the approval of this Court, plaintiff Duke Bolter and defendants the United States Department of Justice and the Federal Bureau of Investigation (collectively, the "FBI"), by and through their undersigned counsel, hereby stipulate to the following protective order:

      WHEREAS, the parties to this action desire to settle this case in a way that allows counsel for Duke Bolter to use copies of certain FBI Interview Reports in his client's defense in *People of the State of California v. Duke K. Bolter*, Del Norte County Superior Court Case Number 99-108-XA, and that also preserves the FBI's interest in the confidentiality of those documents;

      THEREFORE, the parties therefore request that the Court enter the following protective order pursuant to Federal Rule of Civil Procedure 26(c).

## STIPULATED ORDER

1. This protective order covers the following two categories of documents:

    (a). All documents already produced to counsel for Bolter by the FBI pursuant to the August 12, 2005 Report and Recommendations of Magistrate Judge James Larson; and

    (b). All documents identified by counsel for Bolter in Exhibit A to Bolter's "Brief Re: Discovery And Necessity For Additional FBI Investigation Reports," filed under seal on May 10, 2006, which the FBI will produce to counsel for Bolter upon the Court's entry of this Protective Order.

The following three exceptions apply to the description of documents in (a) and (b), above:

    (1). Any document included in categories (a) and (b) that counsel for Bolter can demonstrate was also produced to him by the FBI, without redactions or restrictions, in its initial response to his state court subpoena, or that was produced to Bolter by the Del Norte County District Attorney, is not covered by the restrictions in this protective order.

    (2). The following documents are not covered by the restrictions in this protective order: USA00338-USA00348; USA00703-USA00705; USA01030; USA01070.

    (3). Any additional document that the FBI may inadvertently produce to Bolter, or that the FBI may have inadvertently produced to Bolter, in the course of producing the documents described in (a) and (b) above, will be covered by the restrictions in this protective order upon the FBI's written request.

2. All documents covered by this protective order (the "Documents") are subject to the following restrictions:

    (a). The Documents and the information contained therein shall be used only for purposes of this litigation, or for purposes of the criminal prosecution titled *People of the State of California v. Duke K. Bolter*, Del Norte County Superior Court Case Number 99-108-XA (the "State Court Case"), and not for any other purpose;

    (b). Neither the Documents nor the information contained therein shall be disclosed or provided to anyone other than (a) plaintiff's attorneys and staff; (b) defendants'

attorneys and staff; (c) outside experts or consultants retained by any of the parties or their counsel for purposes of this litigation or the State Court Case; (d) the Court in further proceedings herein; and (e) other persons whom the parties mutually agree upon in writing. The only exception to this restriction is if the documents are used in the trial preparation or trial of the State Court Case under the circumstances described in subsections (d) through (g), below.

(c). Neither the Documents or the information contained therein shall be disclosed to Duke K. Bolter. The only exception to this restriction is if the documents are received into evidence or read into evidence in the trial of the State Court Case under the circumstances described in subsection (g), below.

(d). Any party who is authorized to view the Documents pursuant to subsection (b)., above, may use the Documents to locate and interview witnesses or potential witnesses for the State Court Case. If the witness or potential witness was the subject of an interview summarized in the Documents, then that witness or potential witness may be shown – but not given – a copy of the FBI report summarizing that witness' or potential witness' previous statement.

(e). Counsel for Bolter may use the Documents as exhibits to pre-trial motions in the State Court Case, provided that the prosecuting attorney in the State Court Case agrees in writing that both sides will file any Documents, or pleadings containing descriptions of information contained in the Documents, under seal according to the rules of that court.

(f). Counsel for Bolter may use the Documents to refresh the recollection of witnesses pursuant to California Evidence Code § 771 during the trial of the State Court Case, provided that production of the Documents as may be required pursuant to Cal. Evid. Code § 771(c) is either excused or produced under seal subject to the provisions of paragraph (g) of this agreement.

(g). Counsel for Bolter may use the Documents as evidence of a Writing Previously Made By Witness pursuant to California Evidence Code § 1237, but counsel for Bolter agrees to submit to the following procedure before any Documents are offered into evidence, or before the contents of any Documents are read into evidence:

(1). Counsel for Bolter will inform undersigned counsel for the FBI of his intention to offer a Document, or the contents of a Document, into evidence, and will identify the Documents to be so offered.

(2). Counsel for Bolter and counsel for the FBI will meet in confer in good faith, on an expedited basis, regarding redactions that might first be made to the document in order to satisfy the FBI's confidentiality concerns.

(3). If the parties are unable to agree on a form in which the Document or Documents can be submitted or read into evidence, then the parties agree that the issue would be submitted to Magistrate Judge James Larson for expedited decision.

3. There shall be no reproduction of the Documents except as required by the litigation. Copies, excerpts, or summaries of the Documents may be shown to those authorized to see them as described in Paragraph 2, above.

4. Except as otherwise provided in Paragraphs 2 and 3, all of the Documents shall remain in the custody of the parties' attorneys of record during the pendency of the State Court Case.

5. Within 30 days of the termination of the State Court Case and the expiration of all appeals thereof, including any collateral habeas corpus litigation, all of the Documents, including copies, extracts or summaries thereof, shall be completely destroyed (meaning rendered unreadable) or returned to counsel for the FBI. Nothing in this paragraph shall be construed to require the parties' attorneys to turn over any attorney work-product.

6. Any filings with any court, state or federal, that include any of the Documents, or any excerpts or summaries of the Documents, or any description of the contents of the Documents, shall be filed under seal in accordance with the rules of that court and the applicable rules of civil or criminal procedure.

7. This Stipulated Protective Order is without prejudice to the right of any party to seek modification of it from the Court in which it was filed. It shall remain in effect until such time as it is modified, amended or rescinded by this Court and shall survive termination of this action. This Court shall have continuing jurisdiction to modify, amend, or rescind this Stipulated

[PROPOSED] STIPULATED PROTECTIVE ORDER
C 04-2878 JSW                                   4

Protective Order notwithstanding the termination of this action.

8. This Protective Order supersedes any other protective orders entered into between Bolter and the FBI, the United States Attorney's Office for the Northern District of California, or any other federal department or agency or officer or agent thereof, governing the Documents, whether filed in this action or in the State Court Case.

**SO STIPULATED.**

KEVIN V. RYAN
United States Attorney

*/s/ Owen P. Martikan*
OWEN P. MARTIKAN
Assistant United States Attorney

*Attorneys for Defendants*

Date: 8/7/06

*/s/ Neal I. Sanders*
NEAL I. SANDERS, ESQ.

*Attorney for Plaintiff*

Date: 8-1-06

**APPROVED AND SO ORDERED.**

DATED: August 10, 2006

*/s/ Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER
C 04-2878 JSW                                    5